UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 97-cr-00009-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY C. ROMERO,

    Defendant.

_____

**ORDER**
_____

    THIS MATTER is before the Court on Defendant's Motion Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure (docket #147), filed October 2, 2007. On October 3, 2007, the Government filed its Response. Having reviewed the motion, response, and considering the relevant law, I find that Defendant's motion should be denied for the reasons articulated below.

    In his motion, the Defendant requests reassignment of his supervised release violation to another judge on the District Court, because he argues, *inter alia*, a denial of his rights and due process of law. The Government, on the other hand, argues in response that the Defendant has not been denied any rights or due process of law, and therefore, his request for reassignment should be denied.

    By way of background, the Defendant was convicted and sentenced by this Court to 60 months in the United States Bureau of Prisons. He served his 60 month federal sentence and was placed on Supervised Release. While on Supervised

Release from this Court, the Defendant committed, was charged with, and pleaded guilty to a violation of Colo. Rev. Stat. 18-18 -405 (1)(2)(A)(I)(A), Possession with Intent to Distribute Controlled Substance. The Colorado State Court then sentenced the Defendant to serve eight years in the Colorado Department of Corrections, where he is presently incarcerated. The Federal Probation Office placed a detainer on the Defendant alleging the supervised release violation of the Court's Order that the Defendant not violate state or federal criminal statutes while on supervised release.

On July 26, 2007, the Defendant filed a motion before me requesting that his sentence for the federal violation of Supervised Release run concurrently with his eight year state sentence. On July 9, 2007, I denied Defendant's motion without prejudice with leave to refile once he has completed his Colorado sentence (docket # 137). The Defendant appealed my denial of his request for concurrent sentences. The appeal is presently docketed in the United States Court of Appeals for the Tenth Circuit No. 07-1298.

The Supreme Court has held that the Detainers Act is not applicable to probation revocation type allegations because they are not "complaints" under the Detainers Act. *Carchman v. Nash*, 473 U.S. 716, 725-26 (1985). Because a detainer placed on the Defendant by his Federal Probation Officer subsequent to a state court conviction is not a "complaint" under the Detainers Act, the Defendant has no right to an immediate decision by this Court on the issue of imposing concurrent or consecutive sentences. Further, the Defendant has no right to "reassignment" of his case to a different judge. The Defendant has failed to show that he has been denied any of his

rights or has been denied due process.  Thus, Defendant's motion should be denied. Accordingly, it is

     ORDERED that Defendant's Motion Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure (docket #147), filed on October 2, 2007, is **DENIED**.

     Dated:  October 11, 2007

                               BY THE COURT:

                               s/ Wiley Y. Daniel
                               Wiley Y. Daniel
                               U. S. District Judge