PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Timothy Christopher Romero            Docket Number: 97-cr-00009-WYD.-01

**Superseding Petition Based on Violations of Supervised Release**

    COMES NOW, Kurt Pierpont, probation officer of the court, presenting an official report upon the conduct and attitude of Timothy Christopher Romero who was placed on supervision by the Honorable Wiley Y. Daniel sitting in the court at Denver, Colorado, on the 12th day of September, 1997, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.     The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that this petition supersede the allegations as charged in the original petition which was filed in this matter, dated December 9, 2004.

        ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 7th day of June, 2010, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | *s/ Kurt Pierpont* |
| | Kurt Pierpont |
| s/ Wiley Y. Daniel | Senior Probation Officer |
| Wiley Y. Daniel | Place: Denver, Colorado |
| Chief U.S. District Judge | |
| | Date: May 26, 2010 |

ATTACHMENT

On September 12, 1997, May 29, 2001, and October 22, 2001, the conditions of supervised release were read and explained to the defendant. On those dates, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on May 25, 2001.

The defendant has committed the following violations of supervised release:

1. **VIOLATION OF THE LAW (POSSESSION WITH INTENT TO DISTRIBUTE A SCHEDULE 2 CONTROLLED SUBSTANCE)**

On or about October 30, 2004, the defendant committed Possession With Intent to Distribute a Schedule 2 Controlled Substance, in violation of Colorado Revised Statute 18-18-405 (1), (2)(a)(I)(A), (3)(a)(I). This is a Class 3 felony, which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

An arrest affidavit from Denver Police Department reflects that on October 30, 2004, at approximately 3:10 a.m. officers responded to a domestic disturbance at the Town and Country Motel, room number 15, 639 W. 39th Avenue, Denver, Colorado. Officers were advised that the occupant who rented this room had recently left the location before officers arrived. At approximately 3:30 a.m. officers initiated a traffic stop on a green Jeep Cherokee which had just gone through a red light traveling westbound on West 39th Avenue. The vehicle, registered in the defendant's name, was searched and officers recovered four baggies of methamphetamine weighing 41.86 grams, seven baggies of cocaine weighing 66.03 grams, a brick of cocaine weighing 995.4 grams, and a second brick of cocaine weighing 1000.7 grams. The defendant fled the scene, and was not arrested until October 18, 2005.

Denver District Court, Case Number 2005CR5271 was subsequently filed on October 16, 2006. The defendant entered a plea of guilty to the aforementioned charge, and the remaining counts were dismissed. On November 14, 2006, he was sentenced to the Colorado Department of Corrections for a term of eight years, concurrent to Denver District Court, Case Number 2006CR3239 and U.S. District Court, Case Number 97CR9, with a mandatory parole term of five years. Court costs and fees were also imposed of $462.50.

2. **VIOLATION OF THE LAW (POSSESSION OF A SCHEDULE 1 CONTROLLED SUBSTANCE)**

On or about October 17, 2005, the defendant committed Possession of a Schedule 1 Controlled Substance, in violation of Colorado Revised Statute 18-18-405 (1), (2)(a)(I)(A). This is a Class 3 felony, which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

Denver Police Department records reflect that on October 17, 2005, working with a confidential informant, Denver Police officers placed a telephone call to the defendant for the purpose of negotiating a drug trafficking transaction. They agreed to meet the defendant in the area of West Alameda Avenue and Zuni Street. At approximately 1:00 p.m. the defendant was observed driving a White Nissan Ultima bearing Colorado license plate number 258 MD. The defendant handed the informant an item through the window of the vehicle. The vehicle then traveled to 2570 S. Dayton Way and parked in front of building

number 1.  The defendant was ordered out of his vehicle at gunpoint and while attempting to place the defendant into a prone position, the defendant fled on foot through the apartment complex.  Officers subsequently searched the defendant's vehicle and apartment, and recovered 23.4 pounds of cocaine, 1.8 ounces of crack cocaine, 1.5 pounds of methamphetamine, 5.9 ounces of marijuana, a loaded .38 caliber revolver, 56 rounds of 9mm ammunition, and $164,207.57 in cash.

The defendant was ultimately arrested on May 23, 2006, and Case Number 2006CR3239 was subsequently filed in Denver District Court.  October 16, 2006, the defendant entered a plea of guilty to the aforementioned charge, and the remaining counts were dismissed.  On November 14, 2006, the defendant was sentenced to the Colorado Department of Corrections for a term of eight years, concurrent with Denver District Court, Case Number 2005CR5271 and with U.S. District Court, Case Number 97CR9, with a mandatory parole term of five years.  Court costs and fees were also imposed of $462.50.

Note:  The defendant's state parole commenced on May 18, 2010, and is currently scheduled to expire on April 18, 2015.  The Defendant's state parole officer is Janet Russell, and the defendant's DOC number is 134115.